# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SANDRA LA DAY, ET AL. | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:011-CV-237 (JRG) |
| | § | |
| CITY OF LUMBERTON, TEXAS, ET AL. | § | |
|     Defendants. | § | |
| | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Transfer Venue, filed on May 23, 2011 by the City of Lumberton, Texas ("Lumberton"), Hardin County, Texas ("Hardin County"), Chief Danny Sullins ("Sullins"), and Sheriff Ed Cain ("Cain") (collectively, "the Defendants"). (Dkt. No. 8.) The Defendants request that this case be transferred to the Beaumont division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). After careful consideration of the parties' written submissions, the Defendants' motion is GRANTED for the reasons set forth in this opinion.

**I.  Background**

On April 29, 2011, Sandra La Day, Willie La Day, Julia Janay Walter, Monica Washington, Angelia Paxton, Regina Garcia, and Delawerance Dracoby Jamal Williams (collectively, "the Plaintiffs") filed suit against Defendants in the Marshall Division of the Eastern District of Texas. Plaintiffs claim a violation of 42 U.S.C. § 1983, alleging that decedent Kevin Jibreel La Day's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated by Defendants. To summarize the Complaint, Plaintiffs claim

1

that Defendants engaged in excessive force and an unreasonable seizure related to a traffic stop in Lumberton, Hardin County, Texas.

The events giving rise to this cause of action occurred in the Beaumont Division. The Plaintiffs, four of the five named Defendants, and a majority of the witnesses to be called and evidence to be presented are located in Hardin or Jefferson County, all located within the Beaumont Division. Plaintiffs admit there are no known witnesses or evidence located in the Marshall Division. (Dkt. No. 16 at 5.) The Beaumont Division is 194 miles from the Marshall Division.[1] All of the conduct giving rise to this Complaint occurred in Lumberton, Texas, which is approximately 16 miles from the federal courthouse in Beaumont, Texas[2] and approximately 176 miles from the federal courthouse in Marshall, Texas.[3]

## II. Legal Standard

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

---

[1] Calculated from the Beaumont federal courthouse to the Marshall federal courthouse using Google Maps.
[2] Calculated from Lumberton, Texas to the federal courthouse in Beaumont, Texas at 300 Willow Street using Google Maps.
[3] Calculated from Lumberton, Texas to the federal courthouse in Marshall, Texas at 100 E. Houston Street using Google Maps.

A threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). Here, the selection of the district is not the issue, but rather the selection of the division within the Eastern District of Texas. If the transferee division is a proper venue, then the court must weigh the relative conveniences of the current division against the transferee division. *See id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the cost of attendance for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

Finally, it is well established that the Court is allowed greater deference when considering intra-district transfers as opposed to inter-district transfers. *Madden v. City of Will Point,* 2:09-cv-250-TJW, 2009 U.S. Dist. LEXIS 116682, at *7 (E.D. Tex. Dec. 15, 2009). Additionally, the Federal Rules of Civil Procedure allow significant discretion to district courts in deciding the place of trial, so long as it is within the same district, even without the consent of

the parties. *Morrow v. Washington,* No. 2:08-cv-288-TJW, 2008 U.S. Dist. LEXIS 100225, at *6 (E.D. Tex. Dec. 11, 2008) (citing Fed. R. Civ. P. 77(b)).

**III. Discussion**

    **A. Proper Venue**

As a threshold matter, the Court must first determine if venue is proper in the Beaumont Division. Transfer of a suit involving multiple defendants is ordinarily proper "'only if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court.'" *Id*. at 549 (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir.1984)). Plaintiffs concede that this action could have been filed in the Beaumont Division. (Dkt. No. 16 at 2.) Therefore, venue would have been proper in the Beaumont Division at all times.

    **B. Private Factors**

        *1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses*

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

Every person with personal knowledge of the facts related to the lawsuit resides and/or

works in Hardin or Jefferson County, both within the Beaumont Division. The county seat of Jefferson County, Texas is Beaumont. Hardin County adjoins Jefferson County to the north. Further, all officials and police officers who will be called as non-party witnesses to testify in the case are located in Hardin County. Even Plaintiffs concede that the cost of attendance for willing witnesses weighs in favor of transfer to Beaumont. (Dkt. No. 16 at 7, stating "[m]ovants have identified exactly two factors … that weigh in favor of transfer: the cost of attendance for willing witnesses …") Finally, the Beaumont Division is nearly 200 miles from the Marshall Division, well beyond and almost double the Fifth Circuit's 100-mile threshold. (Dkt. No. 16 at 7.) Accordingly, the Court finds this factor weighs heavily in favor of transfer.

2. *The Relative Ease of Access to Sources of Proof*

Plaintiffs argue that, regardless of where documentary proof is located within the Eastern District, it is just as convenient to produce such proof in Marshall as in Beaumont. Defendants argue, however, that all relevant documents and other sources of proof related to this case are located within Hardin County, Texas (near Beaumont), and it is illogical to require such sources of proof to travel to Marshall for trial.

The Court finds that, although neither party would be largely inconvenienced by accessing documents and other sources of proof in Marshall, it is clearly more convenient to require production of such proof in Beaumont. All documents related to the incident in question, as well as the scene of the incident, are within the Beaumont Division. More importantly, the witnesses through which such documentary evidence would be introduced and developed both during discovery and at trial are nearly 200 miles closer to Beaumont than Marshall. The Court agrees with Defendants that it seems illogical to require such sources of proof to travel nearly

200 miles when they can be accessed much closer to their current location. Accordingly, the Court finds this factor weighs in favor of transfer.

### 3. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

The parties agree that either the Marshall Division or the Beaumont Division has the availability of compulsory process to secure the attendance of witnesses. Therefore, the Court concludes that this factor is neutral.

### C. Public Factors

#### 1. *Administrative Difficulties Flowing from Court Congestion*

Plaintiffs argue that a transfer to Beaumont will cause delay because (1) it will lose its place in the rotation for a scheduling conference and (2) the Beaumont division has a heavier caseload. In their Reply, Defendants indicate that while there may be more cases filed in the Beaumont Division than in the Marshall Division, there are more judges in the Beaumont Division to handle the higher case load. Defendants cite case-filing statistics from Chief Deputy for the Eastern District of Texas to support their contentions. Defendants state that there have been 166 cases filed per judge in the Beaumont Division in the past year, and 234 cases filed per judge in the Marshall Division.

While this case has been set for a scheduling conference in Marshall on March 21, 2012, such conference has yet to occur. This Court has full confidence in the Beaumont Division's ability to quickly set the case for a scheduling conference. Additionally, the Court finds merit in Defendants' characterization of the caseload between the Beaumont and Marshall Divisions. Accordingly, the Court finds it is more convenient for the parties to litigate in Beaumont than in Marshall. Thus, the Court concludes this that factor weighs in favor of transfer.

*2. Local Interest in Having Localized Interests Decided at Home*

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. In such a case, courts may look to where the incident occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id.* As discussed earlier, the facts giving rise to this lawsuit occurred in the Beaumont Division. All of the Plaintiffs live in the Beaumont Division. Four of the five Defendants are in the Beaumont Division. The clear majority of the witnesses are located within the Beaumont Division. Finally, very little, if any, evidence related to the lawsuit is located outside of the Beaumont Division.

Given these facts, the Court finds that the Beaumont Division clearly has a greater local interest in this case than the Marshall Division. The populace of Lumberton, Texas has a vested interest in seeing this matter tried in a division which is conducive to attendance by citizens within the community. Accordingly, the Court concludes that this factor weighs in favor of transfer.

*3. The Avoidance of Unnecessary Problems of Conflict of Laws*

The parties agree there is no unnecessary problem of conflict of laws. Accordingly, the Court finds this factor is neutral.

*4. Judicial Economy*

Both the Beaumont Division and this division are equally capable of resolving this case efficiently, with little impact to judicial economy. Therefore, the court finds this factor is neutral.

IV. **Conclusion**

The Court finds that, in this case, the Beaumont Division is clearly more convenient than the Marshall Division. Despite the great degree of deference which justly attaches to the Plaintiffs' choice of forum, the factors in favor of transfer in this case are nothing less than overwhelming. While this Court agrees with Plaintiffs that their choice of forum is important and entitled to significant deference, the facts in this particular case are compelling and cannot be ignored. As in all transfer decisions, each set of facts is unique and must be decided on a case-by-case basis. Here, that analysis shows Beaumont to be unquestionably more convenient than Marshall. Therefore, the court GRANTS Defendants' Motion to Transfer Venue. The clerk is hereby ORDERED to take all steps necessary to effectuate such transfer.

**So ORDERED and SIGNED this 19th day of March, 2012.**

*[Signature: Rodney Gilstrap]*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE